UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00754-DJH-RSE

**VINCENT G.**                                            **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*[1]            **DEFENDANT**

**REPORT AND RECOMMENDATION**

The Commissioner of Social Security denied Vincent G.'s ("Plaintiff's") application for disability insurance benefits. Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (DN 1). Both Plaintiff (DN 13, DN 14) and the Commissioner (DN 16) have filed a Fact and Law Summary. Plaintiff also submitted what he has styled as a reply brief (DN 17), accompanied by a motion for extension of time to file the same (DN 18). The District Judge referred this case to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations. 28 U.S.C. § 636(b)(1)(B). (DN 10).

I. Findings of Fact

Plaintiff is 63 years old, has a high school education, and lives with his wife in Radcliff, Kentucky. (Tr. 66, 38). Plaintiff currently works at Insipritec performing data entry on a part-time basis. (Tr. 347, 38). He has been with Inspiritec since 2016 and worked full-time until approximately September 2017. Prior to this, Plaintiff worked for the Commonwealth of Kentucky

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

from 1998 to 2016 in various capacities, including as a social services youth worker, a juvenile justice program supervisor, and a social services clinician. (Tr. 42, 85).

On July 6, 2020, Plaintiff protectively applied for disability insurance benefits ("DIB") from the Social Security Administration under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3) ("Act"), alleging disability beginning on September 1, 2017. (Tr. 241, 343). Plaintiff claimed he could not perform work at substantial gainful levels due to degenerative disc disease, ulcerative colitis, hypertension, and chronic laryngitis. (Tr. 67). His application was denied initially on November 12, 2020 (Tr. 104) and upon reconsideration on December 4, 2020 (Tr. 114). At Plaintiff's request, a hearing was conducted in Middlesboro, Kentucky before Administrative Law Judge Susan Brock ("ALJ Brock") on July 14, 2021. (Tr. 32–64). Plaintiff appeared with his attorney John Sharpensteen. (Tr. 34). ALJ Brock issued an unfavorable decision on November 5, 2019. (Tr. 14–26).

ALJ Brock applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, although Plaintiff has engaged in some substantial gainful activity since his alleged onset date, "the analysis should proceed to determine whether he may be found disabled based on other factors" since his gainful work did not span at least twelve months. (Tr. 19). Second, Plaintiff has the severe impairments of cervical and lumbar degenerative disc disease and obesity. (Tr. 20). Third, none of Plaintiff's impairments or combination of impairments meets or medically equals the severity of a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 22). ALJ Brock then determined Plaintiff has the residual functional capacity ("RFC") to perform "light work," as defined in 20 C.F.R. 404.1567(b), with the following limitations:

> He can only occasionally climb ramps, stairs, ladders, ropes, and scaffolds; he can only occasionally stoop, kneel, crouch, or crawl; and he can have only occasional exposure to vibration and unprotected heights.

(Tr. 22–23). Fourth, ALJ Brock found Plaintiff capable of performing his past relevant work as a help desk representative, probation officer, and social service aide, as these positions do not require performance of activities precluded by his RFC. (Tr. 25).

Based on this evaluation, ALJ Brock concluded that Plaintiff was not disabled, as defined in the Social Security Act, from September 1, 2017 through the date of her decision. (Tr. 26). Plaintiff sought review of ALJ Brock's decision. (Tr. 214–16). The Appeals Council declined review on October 27, 2020. (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Plaintiff sought judicial review from this Court. (DN 1).

## II. Standard of Review

When reviewing the administrative law judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). Instead, the Court's review of the administrative law judge's decision is limited to an inquiry as to whether his findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (internal citations omitted), and whether the administrative law judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

III. Conclusions of Law

A. Plaintiff's Motion for Extension of Time

Plaintiff seeks an extension of time to reply to the Commissioner's Fact and Law Summary. He suggests counsel's involvement in a criminal matter prevented timely filing of his reply. (DN 18, at PageID # 1137). The Court will note, first, that Plaintiff's motion would be better styled as a motion for leave to file reply, since Plaintiff never had a reply deadline to meet.[2] Fact and Law Summaries were tendered in this case pursuant to the District Court's standard Social Security Order, which directed as follows:

> 2. Within sixty (60) days after the filing of the Answer and Administrative Record, the Plaintiff must set forth his/her position by an appropriate memorandum of law specifying, inter alia, the numbered findings of the final decision with which exception is taken and the specific errors alleged. Any such memorandum shall be accompanied by a Fact and Law Summary on the form supplied by the Court. Failure of the Plaintiff to comply with this provision may constitute grounds for dismissing the Complaint.
>
> 3. Within thirty (30) days of the filing of Plaintiff's memorandum as provided in Paragraph 2 above, the Defendant Commissioner shall file a response supported by an appropriate memorandum of law accompanied by a Fact and Law Summary on the form supplied by the Court.

(DN 10, at PageID # 1092).

The standard briefing in a Social Security case, as outlined in the District Court's order, allows both parties to present their respective positions. From there, the Court considers the record as a whole to determine whether the administrative law judge employed the correct legal standards and his decision is supported by substantial evidence. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). To be sure, because an administrative law judge's decision may be supported by

---

[2] Plaintiff's filing is also deficient, as it fails to include a proposed order for the Court's consideration. Plaintiff was advised of this deficiency and given seven days to remedy it. (DN 19). The remediation period has passed, and Plaintiff still has not filed a proposed order.

4

substantial evidence and will be upheld "even if that evidence could support a decision the other way," *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993), the plaintiff faces an uphill battle. But this is the case in all actions brought under 42 U.S.C. § 405(g), and it does not, by virtue, entitle Plaintiff to reply to the Commissioner's Fact and Law Summary. Plaintiff has not shown good cause for why further briefing would be necessary here. Plaintiff's Motion for Extension of Time (DN 18) is **DENIED**, and the Court will not consider his reply brief.

B. Review of the Commissioner's Final Decision

Plaintiff's argument for remand centers on ALJ Brock's failure to find persuasive the opinion of nurse practitioner Tonya Wooton. (DN 14, at PageID # 1110). He criticizes ALJ Brock's failure to evaluate "all of [her] opinions" and their supportability and consistency. (*Id.*). The Commissioner contends that ALJ Brock properly considered Wooton's opinion in accordance with the new regulations and was not required to discuss each of her specific findings. (DN 16, at PageID # 1119–20).

Because Plaintiff's claims were protectively filed after March 27, 2017, the new regulations apply. Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). The administrative law judge need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical sources and

nonmedical sources in the claim, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(2). The administrative law judge may, but is not required to, explain how he considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he considered medical opinions. 20 C.F.R. §§ 404.1520c(b)(2)–(3).

In February 2021, Wooton filled out a two-page clinical evaluation of Plaintiff. (Tr. 777–78). Wooton identified "tenderness" and "chronic fatigue" as "positive objective signs" of Plaintiff's symptoms. (Tr. 777). She circled "Don't know" in response to questions including "Is the patient regularly following your prescribed medical treatment?" "Does your patient have significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movement or gait and station?" and "Does your patient have significant reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination?" (*Id.*). In response to two of these questions, Wooton also noted she had not examined Plaintiff since November 2019. (*Id.*). Wooton answered questions regarding how long Plaintiff could sit, stand, or walk in an eight-hour work day and how many pounds he could lift with "unsure." (Tr. 778).

In the way of physical limitations, Wooton indicated Plaintiff's impairments would affect his ability to reach, handle, and push/pull but would not affect his ability to feel, hear, or speak. (*Id.*). Wooton also indicated it would be medically reasonable to expect that Plaintiff would need to sit quietly or lie down for approximately thirty minutes on a daily basis. (*Id.*). Lastly, Wooton provided that on average, she anticipates Plaintiff would need to be absent from work more than three times each month. (*Id.*).

ALJ Brock provided the following discussion of Wooton's findings:

> [O]ther treating source opinions and related evidence supports the claimant's allegations to a greater degree, but these are ultimately not consistent with the

6

> record and not persuasive. . . . Another statement in February 2021 supports the need for a cane and for rest periods. However, this also acknowledges that he had not been seen in that office since November 2019 and does not cite specific supportive signs apart from tenderness and chronic fatigue. Other statements support that he is or may be more susceptible to COVID and should be allowed to work from home. However, these are too vague, not supported by adequate evidence, and are non-persuasive. Accordingly, these are all not persuasive.

(Tr. 24). Plaintiff submits that, "According to this analysis, with respect to APRN Wooton's opinions, the ALJ only evaluated whether the need for a cane and for rest periods was supported by the record." (DN 14, at PageID # 1112). In support of his position that ALJ Brock should have discussed Wooton's opinion more thoroughly, Plaintiff cites to the Commissioner's obligation to evaluate the persuasiveness of all medical opinions and prior administrative findings provided by a claimant. *See* 20 C.F.R. 416.920c(a).

First, it was not necessary for ALJ Brock to discuss each of Wooton's findings as long as it is clear she considered them. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."); *Coppage v. Berryhill*, No. 1:16-CV-00144, 2017 WL 8640926 at *4 (W.D. Ky Aug. 11, 2017) ("The ALJ's decision does not discuss every single piece of medical evidence, but she is not required to do so."). Second, Plaintiff misconstrues the regulations. While an ALJ must *consider* all evidence in the record, she need not *discuss* every single finding from each medical source. Such a requirement would be both impractical and unnecessary.

In addition, the Court disagrees that ALJ Brock's discussion of Wooton's opinion demonstrates consideration of only the supportability of Plaintiff's need for a cane and for rest periods. Most obviously, ALJ Brock also notes Wooton's observation that Plaintiff experiences tenderness and fatigue. And in broadly discounting Wooton's opinion, ALJ Brock indicates her

7

other findings were "not supported by adequate evidence," which she discusses in the paragraphs that follow. This included a lengthy discussion of Plaintiff's "overwhelming[ly] conservative" treatment history, "consisting mostly of chiropractor therapy, dry needling, and pain management but no new surgeries, nerve blocks, or other similarly aggressive therapy[.]" (Tr. 24). ALJ Brock did acknowledge pain management notes that corroborated Plaintiff's complaints of back and neck pain, and exams showing "positive signs for nerve root, facet, or hip involvement but near full strength in the extremities without any atrophy[.]" (*Id.*). Still, she noted that the record overall showed "mostly stable" findings, and also noted Plaintiff's continued part-time work at Inspiritec and engagement in activities such as mowing grass three times per week and playing table tennis. (Tr. 25, 24). Having reviewed Wooton's evaluation alongside the other evidence of record, the Court agrees with ALJ Brock's assessment that her findings are unsupported.

Moreover, all of Wooton's findings come in the form of a "check-box analysis" with a few fill-in-the-blank questions. (*See* Tr. 777–78). The Sixth Circuit has held that reports where the provider's only obligation is to check boxes and fill in blanks are generally weak evidence. *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016); *See also Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016) (recognizing that an ALJ can properly give check-box forms "little weight where the physician provided no explanation for the restrictions entered on the form and cited no supporting objective medical evidence"). Wooton did not elaborate on her findings related to Plaintiff's abilities with reaching, handling, and pushing/pulling by including, for example, how often he may be able to perform these functions. Nor did she expound on her opinion that Plaintiff would need to sit or lie down and be absent from work regularly. ALJ Brock concluded that Wooton's assessment was unpersuasive in part because it is "too vague" and does not cite "specific supportive signs apart from tenderness and chronic

8

fatigue." (Tr. 24). This was proper, since "[a] case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x. 515, 525 (6th Cir. 2014).

In sum, the Court finds that ALJ Brock evaluated Wooton's opinion in accordance with the regulations. She was not required to assess each of Wooton's findings since it is clear she considered them. Having sufficiently articulated the consistency and supportability factors of Wooton's opinion as a whole, ALJ Pickett's analysis was proper. The Court finds that the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE RECOMMENDED** that the final decision of the Commissioner be **AFFIRMED.**

Regina S. Edwards, Magistrate Judge
United States District Court

August 16, 2022

NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies: Counsel of Record